UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

C.D. UPTEGRAFT,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:19-cv-264

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) AFFIRMING THE ALJ'S NON-DISABILITY FINDING AS SUPPORTED BY SUBSTANTIAL EVIDENCE; AND (2) TERMINATING THIS CASE ON THE DOCKET**

---

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Docs. 5, 6. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court on Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 15), the administrative record (doc. 7),[1] and the record as a whole.

I.

A. **Procedural History**

Plaintiff filed for SSI on September 15, 2015. PageID 229-34. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, type II diabetes mellitus, diabetic peripheral neuropathy, effects of a stroke, and obesity. PageID 63.

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of his application, Plaintiff received a hearing before ALJ Deborah Sanders on February 23, 2018. PageID 91-131. The ALJ issued a written decision on July 27, 2018 finding Plaintiff not disabled. PageID 43-54. Specifically, the ALJ found at Step Four that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[2] he "is capable of performing past relevant work as an administrative assistant, as generally performed" in the national economy. PageID 47-53.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 29-31. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 60-69), Plaintiff's Statement of Errors (doc. 10) and the Commissioner's memorandum in opposition (doc. 15). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

**A.     Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46

---

[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 416.967(a).

(6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.      "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

On appeal, Plaintiff alleges that the ALJ erred in: (1) determining his RFC; (2) posing an inaccurate hypothetical question to the Vocational Expert ("VE") during the administrative hearing; and (3) failing to resolve conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). Doc. 10.

**A.    RFC Determination**

A person's RFC is the most that an individual can do despite all of his or her physical and mental limitations. 20 C.F.R. § 416.945(a)(1). An ALJ determines a claimant's RFC "based on all the relevant evidence in [the claimant's] case record," including statements about what the claimant can do "provided by medical sources" and "descriptions and observations of [the claimant's] limitations from [his or her] impairment(s), including limitations that result from [the claimant's] symptoms, such as pain, provided by [his or her] family, neighbors, friends, or other persons." 20 C.F.R. § 416.945(a)(3). While the ALJ is responsible for determining the RFC, *see*

4

20 C.F.R. § 416.946(c), in doing so, "the ALJ may not interpret raw medical data in functional terms." *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008). Thus, "[c]ritical to this [RFC] finding are residual capacity opinions offered by medical sources." *Id*.

In this case, the ALJ set forth the following RFC finding:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR [§] 416.967(b) except the claimant can lift/carry up to 20 pounds occasionally and 10 pounds frequently. The claimant can sit and stand/walk for up to up to six hours in eight-hour day with an option to sit after every hour of standing for up to five minutes while remaining on task. The claimant can occasionally engage in foot controls bilaterally, occasionally climb ramps/stairs, never climb ladders, ropes, or scaffolds, frequently balance, stoop, kneel, crouch, and never crawl. The claimant can frequently engage in gross and fine manipulation, and frequently engage in feeling with the dominant, right upper extremity. The claimant can never work at unprotected heights or around dangerous machinery, and he can never operate a commercial motor vehicle.

PageID 47. During the administrative hearing, the VE testified that an individual with such an RFC could perform Plaintiff's past relevant work as an administrative assistant as that job is defined in the DOT.[3] PageID 127. The VE further testified, however, that an individual could not maintain any full-time employment if off-task 13% of the workday or if he consistently missed one day of scheduled work per month. PageID 129-30.

In his first assignment of error, Plaintiff argues that the ALJ erred in not including any restriction in the RFC regarding his purported inability to remain on-task during the workday and to regularly attend work without being absent. *Id*. at PageID 954-57. However, upon the undersigned's careful review of the record, the ALJ's omission of any limitations in this regard

---

[3] The VE testified that an individual with such RFC would not be capable of performing the administrative assistant position in the manner in which Plaintiff actually performed that job -- *i.e.*, the lifting requirements of Plaintiff's past relevant work exceeded the lifting demands for such job as generally required by employers throughout the national economy. PageID 125-27. For disability purposes, "if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be 'not disabled.'" Soc. Sec. Ruling ("SSR") 82-61, 1982 WL 31387, at *2 (Jan. 1, 1982).

5

from Plaintiff's RFC is supported by substantial evidence, especially since no medical source of record concluded that Plaintiff would be off-task during the workday or that he would have regular absences from work. "The ALJ need only include in the RFC those limitations that he or she accepts as credible." *Parrella v. Comm'r of Soc. Sec.*, No. 3:18-CV-116, 2019 WL 1970532, at *4 (S.D. Ohio May 3, 2019), *report and recommendation adopted*, No. 3:18-CV-116, 2019 WL 2177359 (S.D. Ohio May 20, 2019) (citing *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Accordingly, the undersigned concludes that the ALJ's RFC determination is supported by substantial evidence and, therefore, finds no merit to Plaintiff's first alleged error.

### B. Hypothetical Question Posed to the VE

As stated above, the VE in this case testified during the administrative hearing that an individual with the RFC Plaintiff was determined to possess would be capable of performing Plaintiff's past relevant work as an administrative assistant as that job is performed in the national economy. *See* PageID 47, 53, 127; *see also* DOT § 169.167-010, 1991 WL 647424 (Jan. 1, 2016). In his second assignment of error, Plaintiff appears to contend that the ALJ's hypothetical question to the VE during the administrative hearing did not accurately portray his limitations because it fails to account for his purported inability to stand "for too long[.]" Doc. 10 at PageID 957.

In this regard, Plaintiff testified during the administrative hearing that he could stand for only 15 to 20 minutes at a time. PageID 111. The ALJ, however, was not required to adopt such limitation and pose such restriction in a hypothetical question to the VE. *Casey*, 987 F.2d at 1235 ("It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible"). Because no medical source found Plaintiff so limited, the ALJ's conclusion to omit any such limitation is supported by substantial evidence. Even assuming, *arguendo*, that such a limitation was supported by

substantial evidence, any error in this regard would appear to be harmless because the DOT defines the administrative assistant position as "[s]edentary work" involving "sitting most of the time" with "walking or standing for brief periods of time." DOT § 169.167-010, 1991 WL 647424. Accordingly, the undersigned finds no merit to Plaintiff's argument in this regard.

### C. Resolving Conflicts in the VE Testimony

In his final assignment of error, Plaintiff argues that the ALJ failed to resolve conflicts between the VE's testimony and the DOT at Step Five of the sequential disability review process. Doc. 10 at PageID 958. Because the ALJ found Plaintiff capable of performing his past relevant work (and thus not disabled) at Step Four of the sequential review process, any error in this regard is harmless.[4] Accordingly, Plaintiff's third assignment of error has no merit.

### IV.

Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered the medical evidence at issue; properly weighed opinion evidence based upon reasons supported by substantial evidence; reasonably assessed Plaintiff's credibility; accurately determined Plaintiff's RFC; posed accurate hypothetical questions to the VE, and appropriately concluded that Plaintiff can perform his past relevant work as that work is done in the national

---

[4] Specifically, Plaintiff takes issue with the VE's testimony that he could not perform his past relevant work if, in addition to the other limitations set forth in the ALJ's RFC finding, he was further limited to occasional fine manipulation -- as opposed to the frequent fine manipulation ultimately found by the ALJ. PageID 128. In following up on this testimony, the VE further stated, however, that Plaintiff would nevertheless be capable of performing other jobs in the national economy -- namely, as a furniture rental clerk (an occupation for which the VE testified there are 44,000 jobs in the national economy). PageID 128; *see also* DOT § 295.357-018, 1991 WL 672589 (Jan. 1, 2016). Plaintiff argues that the VE's testimony concerning the furniture rental clerk conflicts with the DOT because such position "requires more than occasional handling and fingering." Doc. 10 at PageID 959. Contrary to Plaintiff's contention, however, the furniture rental clerk position, as defined in the DOT, requires only occasional fingering and handling, not the frequent fingering and handling suggested by Plaintiff. *See* DOT § 295.357-018, 1991 WL 672589.

economy. While the undersigned may have reached a different conclusion if considering the record upon a *de novo* review, the Court must give deference to the ALJ's decision where, as here, it is supported by substantial evidence. *Blakley*, 581 F.3d at 406. "The findings of the [ALJ] are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton*, 246 F.3d at 772.

Accordingly, the Court **AFFIRMS** the ALJ's non-disability finding as supported by substantial evidence, and **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

Date:   August 4, 2020                                          s/ Michael J. Newman
                                                                                Michael J. Newman
                                                                                United States Magistrate Judge